# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARK ANTHONY BAINE,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Civil Action Number ) 5:17-cv-01023-AKK-JEO |
| **RICHARD ALLEN,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Mark Anthony Baine, a state prisoner, filed this action alleging claims against Richard Allen, Kim Thomas, Billy Mitchum, Dewayne Estes, and the Alabama Department of Corrections for invasion of privacy for publishing his confidential medical information on the internet. *See generally* doc. 1.[1] The magistrate judge filed a report on July 10, 2017, recommending that this court dismiss Baine's claims for failure to state a claim upon which relief can be granted (to the extent the court construes Baine's claims as alleging violations of the Health Insurance Portability and Accountability Act, the Privacy Act, or the United States Constitution), and decline supplemental jurisdiction to the extent that only state law invasion of privacy claims remain. *See* doc. 6 at 12. The magistrate judge advised the parties of their right to file specific written objections within

---

[1] Specifically, Baine asserts that, from August 2006 until May 2013, "Named defendants [publicized] medical confidentiality (HIV status) on the Ala. Dept. Corrections website by stating that [Baine] was housed at Limestone "Special Unit" and declaring "Special Unit is for HIV inmate." Doc. 1 at 2–3. Baine learned about the publication in September 2013. *Id.* at 2.

1

fourteen days, *id.* at 12–13, and Baine timely filed objections, *see* doc. 7.

Baine asserts first that the § 1983 complaint form's directive that the petitioner "state briefly the grounds on which you base your allegation that your constitutional rights are being violated" does not "allow [a] petitioner the opportunity to argue or cite case law or arguments" and, therefore, is unfair. *Id.* at 2. However, courts are required to screen prisoner complaints in order to determine whether the factual allegations, accepted as true, state a basis upon which relief can be granted. *See* 28 U.S.C. §§ 1915A(a) & (b)(1) ("The court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint . . . , if the complaint – . . . fails to state a claim upon which relief may be granted . . . ."). Moreover, Baine fails to cite any binding authority in his objections submission indicating that the magistrate judge failed to properly apply the law to Baine's factual allegations. Accordingly, this objection is **OVERRULED**.

Baine asserts next that he has not received an "opportunity to be heard." *See id.* at 2–3. This objection is **OVERRULED**, because the procedure allowing Baine to submit objections to the Report and Recommendation, as Baine has done here, provided Baine an opportunity to explain why he believes the magistrate

judge's Report and Recommendation is erroneous.

Third, Baine's assertion that the court cannot determine that defendants are not "responsible for publicizing the fact that [he] [is] HIV positive to the entire world" because defendants "have yet to deny or show any evidence that they did not do exactly as [Baine] claim[s]," *id.* at 3, is misplaced.  When analyzing the sufficiency of a complaint, the court accepts the plaintiff's factual allegations as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").  Here, the magistrate judge found that, even accepting as true the facts presented on the face of the complaint, Baine's allegations failed to give rise to a plausible federal claim.  *See* doc. 6 at 12.  Moreover, as the magistrate judge notes, "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  Accordingly, this objection is **OVERRULED**.

Finally, Baine states that the magistrate judge's determination that his § 1983 claim is untimely "does not stand up to controlling law in this Circuit." *Id.* at 4.  "A 1983 claim is a tort action that is subject to the statute of limitations that governs personal injury claims in the state where the § 1983 action is filed.  The applicable limitations period in Alabama is two years." *Grayson v. Warden*, 672 F.

App'x 956, 962 (11th Cir. 2016) (citing Ala. Code § 6-2-38 (1975)). Baine alleges that he learned about the publication of his medical information in September 2013, and he filed his complaint in June 2017. Accordingly, the magistrate judge correctly determined that any § 1983 claim is untimely, and this objection is **OVERRULED**.

For these reasons, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and his recommendation **ACCEPTED**. Consequently, Baine's claims are due to be dismissed without prejudice. The court will enter a final order in accordance with the foregoing.

**DONE** the 25th day of July, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE